IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK JEROME CRUMBLEY, § | | |
| TDCJ #607639, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-2172 | |
| § | | |
| OFFICER GANNON, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Frederick Jerome Crumbley (TDCJ #607639, former TDCJ #540856), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Crumbley has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his arrest, conviction, and imprisonment. Crumbley appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

Crumbley is currently incarcerated at the Lewis Unit in Woodville, Texas, as the result of a 2005 conviction for burglary of a building with intent to commit theft in Harris County cause number 1001437. Crumbley received a ten-year prison sentence in that case. Crumbley is also in custody as the result of three prior convictions in 1991 for burglary of a habitation, unauthorized use of a motor vehicle, and burglary of a habitation

with intent to commit theft in Harris County cause numbers 591079, 591080, and 591081, respectively. Crumbley received a forty-five year prison sentence in those cases.[1]

Crumbley sues three officers employed by the Houston Police Department (Officer Gannon, Officer Colburn, and Officer Bailey) in connection with his arrest and conviction for burglary of a building in cause number 1001437. Crumbley alleges that these officers used excessive force against him during his arrest on September 20, 2004. Crumbley argues further that the arrest was "false" and that he was subjected to "malicious prosecution" as a result.

Crumbley also sues two prosecutors employed by the Harris County District Attorney's Office (Brian Warren and William J. Delmore III), his criminal defense counsel (Wilford A. Anderson), the State Attorney General (Gregg Abbott), the Supervisor for the State Attorney General's Post-Conviction Litigation Division (Michael Bozarth), and TDCJ Director Nathaniel Quarterman. Crumbley alleges that these defendants have conspired to commit malicious prosecution, which resulted in his conviction on the above-referenced false charges of burglary of a building. Crumbley appears to claim that, by upholding or enforcing this conviction, these defendants have engaged in "criminal malfeasance" and "gross negligence."

---

[1] The Court takes judicial notice of public records documenting Crumbley's criminal history, which documents his holding convictions. *See* Texas Department of Criminal Justice, Offender Information Detail, www.tdcj.state.tx.us (last visited July 16, 2008); *see also Crumbley v. State*, No. 14-05-00618-CR, 2006 WL 2167218 (Tex. App. ─ Houston [14th Dist.] Dec. 13, 2006, pet. ref'd).

Crumbley seeks his immediate release from confinement. He also seeks compensatory damages for his arrest, conviction, and unlawful imprisonment. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ─ U.S. ─, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

*Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

### A. Claims of Excessive Force

Crumbley claims that the HPD officers who effected his arrest on September 20, 2004, used excessive force against him. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

To the extent that Crumbley complains that excessive force was used during his arrest, the pleadings show that was aware of the facts giving rise to that claim no later than September 20, 2004, when his arrest occurred. Crumbley's complaint is dated July 1, 2008, which is well outside the two-year limitations period for the allegations that form the basis of his claims. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Crumbley waited more

than two years to file suit from the time his claims accrued, his allegations of excessive force are untimely and subject to dismissal as frivolous for this reason. *See id.*

### B.   Claims of Unlawful Conviction and Confinement

Crumbley complains that his arrest for burglary of a building was false, that the arresting officers gave false testimony against him at his trial, and that all of the defendants have conspired to engage in malicious prosecution or "criminal malfeasance" in connection with his conviction on those charges.  Crumbley plainly seeks monetary damages for alleged violations of his civil rights in connection with his conviction, which he claims is unlawful. This is fatal to the remainder of Crumbley's complaint.

To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*   Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*

Crumbley concedes that he has filed a federal habeas corpus petition to challenge his underlying conviction for burglary of a building and that this proceeding remains pending in this district. *See Crumbley v. Quarterman*, Civil Nos. H-07-0563 & H-08-791 (consolidated). Crumbley does not allege or show that the conviction at issue has been overturned or otherwise invalidated. Because Crumbley's allegations would, if true, necessarily implicate the validity of his conviction, his civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Moreover, Crumbley's claims of malicious prosecution fail for an alternative reason. The Fifth Circuit has held that there is no "freestanding constitutional right to be free from malicious prosecution," and that "'malicious prosecution' standing alone is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). To the extent that Crumbley's complaint is governed by 42 U.S.C. § 1983, his underlying claim "must rest upon a denial of rights secured under federal and not state law." *Id.* at 942. Mere allegations of malicious prosecution do not implicate the Constitution or a violation of federal law, as the Fifth Circuit in *Castellano* explains:

> [C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim . . . .

7

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection ─ Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights specifically locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.* at 953-54. Accordingly, to the extent that Crumbley complains that the defendants subjected him to arrest and prosecution for malicious purposes, this allegation fails to state a valid claim under 42 U.S.C. § 1983.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

2.   The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Frederick Jerome Crumbley (TDCJ #607639) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.   The plaintiff's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for**

**the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED and ENTERED this 22nd day of July, 2008.

_____
Kenneth M. Hoyt
United States District Judge